**DENY; and Opinion Filed December 11, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00364-CV

## IN RE JOEL CHRISTOPHER BARTON, Relator

**Original Proceeding from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-50662-07**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Boatright
Opinion by Justice Boatright

In this original proceeding, relator Joel Christopher Barton seeks review of an order finding Barton in criminal contempt for violations of a divorce decree and order in a suit affecting the parent-child relationship. We deny the petition as moot because we find the parties have entered an enforceable Rule 11 agreement that provides Barton with the relief requested in this proceeding and resolves the issues raised.

The trial court's contempt order found Barton in criminal contempt for seventy-five violations of an amended order, including failure to pay $5,286.74 in medical expenses, failure to pay $1,346.23 in cell phones charges, violating the possession order by failing to provide proper travel notice and information, and failing to provide change of address and change of employment information. The trial court ordered Barton to pay $37,500 in fines, sentenced Barton to 179 days incarceration per violation to be served concurrently, suspended commitment, and placed Barton on community supervision. In this original proceeding, Barton contends the contempt order is void

and should be vacated. He asks this Court to grant the petition for writ of mandamus and issue a writ directing the trial court to vacate the contempt order.

After Barton filed this proceeding, the parties agreed to settle the case. An agreement to settle a case is enforceable by the trial court if it complies with Rule 11 of the Texas Rules of Civil Procedure. *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995). ). To comply with Rule 11, the agreement must be either: (1) in writing, signed, and filed with the papers as part of the record; or (2) made in open court and entered of record. TEX. R. CIV. P. 11. The parties read their agreement into the record before an associate judge and attested under oath that they agreed to the matters set out in the record. A valid Rule 11 agreement must contain all essential terms of the agreement and must be complete in every material detail. *Padilla*, 907 S.W.2d at 460. The parties agreed to make the criminal contempt orders and punishments void, and Barton agreed to pay the disputed expenses. The parties' agreement, therefore, constitutes a valid and enforceable Rule 11 agreement.

The agreement renders this proceeding moot because the agreement addresses and resolves the complaints Barton raises here and provides him the relief he requests from this Court. Although the trial court has not rendered a judgment vacating the contempt order, it has no authority to render judgment which does not fall strictly within the terms of the agreement dictated into the record by the parties themselves. *Stadil v. Stadil*, No. 05-93-00303-CV, 1994 WL 469321, at *2 (Tex. App.—Dallas Aug. 31, 1994, no writ). The agreement states that the parties have agreed to deem the contempt order void, and the trial court has a ministerial duty to strictly enforce that agreement.

Accordingly, we deny the petition as moot in light of the parties' valid and enforceable Rule 11 agreement.


                /Jason Boatright/
                JASON BOATRIGHT
                JUSTICE


170364F.P05